IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONI TUSCANO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| GC SERVICES LIMITED PARTNERSHIP | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Toni Tuscano ("Plaintiff"), is a natural person who at all relevant times resided in the State of Ohio, County of Mahoning, and City of New Middletown.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, GC Services Limited Partnership ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant, in connection with the collection of an alleged debt from Plaintiff, communicated with Plaintiff's co-workers Dana Karniewicz and Nicole Rolley, for purposes other than obtaining location information, and in each such instance

disclosed to said third parties that Plaintiff owed an alleged debt. (15 U.S.C. §§ 1692b, 1692b(2), 1692b(3)).

12. Defendant, in connection with the collection of an alleged debt from Plaintiff, placed repeated and continuous telephone calls to Plaintiff at her place of employment, with actual knowledge that said calls were inconvenient for Plaintiff, and violated the policies of Plaintiff's employer. (15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d(5))

13. During telephonic communications with Plaintiff in connection with the collection of an alleged debt from Plaintiff, Defendant stated to Plaintiff that if she did not pay the alleged debt, she would not be able to purchase a home. (15 U.S.C. §§ 1692e(10)).

14. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

15. Plaintiff repeats and re-alleges each and every allegation contained above.

16. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby demands a trial by jury.

This 5th day of August, 2011.

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
Ohio Bar No. 0076096
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

**Correspondence address**

Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012